## Case No. 3,437.

### CROUCH v. ROEMER.

[2 Ban. & A. 637;[1] 11 O. G. 1112.]

Circuit Court. D. New Jersey. June, 1877.[2]

PATENTS—"SHAWL-STRAPS"—VALIDITY.

The complainant's patent for an improvement in shawl-straps which was held valid in the case of Crouch v. Speer [Case No. 3,438], adjudged invalid for want of novelty, upon facts different from those therein proven.

[See note at end of case.]

[In equity. Bill by George Crouch against William Roemer for infringement of patent.]

E. B. Barnum, for complainant.

Arthur v. Briesen, for defendant.

NIXON, District Judge. This is an action for an alleged infringement of complainant's letters patent, No. 82,606, dated September 29th, 1868, and reissued March 7th, 1871, No. 4,289.

The subject-matter of the patent is in the reissue described to be a strap "to confine a shawl or similar article in a bundle," and termed a "shawl-strap." The schedule, attached to and forming a part of the said reissued patent, states that, before the complainant's invention, straps had been used to confine a shawl or similar article in a bundle, and a leather cross-piece, with loops at the ends, had extended from one strap to the other, and above, and attached to this leather cross-piece was a handle. This leather cross-piece or connecting-strap is liable to bend and allow the straps to be drawn toward each other by the handle in sustaining the weight. Hence, the bundle is not kept in a proper shape, and the handle is inconvenient to grasp. The invention is then stated to consist of a rigid cross-bar beneath the handle, combined with the suspending-straps that are to be passed around the shawl or bundle, such straps passing through loops at the ends of the handle.

No question can be made but that the shawl-straps manufactured and sold by the defendant are infringements of the complainant's reissue. They consist of a metallic cross-bar, with slots at the ends for the reception of the straps, and which also connect the ends of the handle.

Several defences are set up in the answer, but the only one which it is necessary to consider is the first, to wit, the want of novelty and prior public use.

I had occasion, heretofore, to inquire into the validity of the complainant's patent, in a controversy between the same complainant and Speer [Case No. 3,438], in which, as in this case, the principal defence turned upon the novelty of the invention. A prior public use was alleged, and attempted to be proved.

I there said, and now repeat: "That the patent is prima facie evidence that the patentee was the original and first inventor. Any one who controverts this, assumes the burden of proof, and undertakes to show affirmatively that there was a prior knowledge and use of the alleged invention, under such circumstances as to give to the public the right of its continued use against the patentee." Crouch v. Speer [supra].

The defence in this case has brought out many facts in regard to the public use of the rigid cross-bar in shawl-straps, anterior to the date of the complainant's patent, which were not developed in the former suit. There is no evidence, which, in my judgment, affects the honesty of the complainant's claim, or which creates any doubt that he really believed himself to be the original and first inventor; but, nevertheless, I am constrained to the conclusion, after a most careful examination of the whole testimony, that the proofs show with reasonable certainty that he has been anticipated in the invention, and that patent is void. in consequence of prior knowledge and public use, and the bill must, therefore, be dismissed with costs.

[NOTE. On appeal by complainant, the supreme court affirmed the decree herein, and stated: "The thing which the complainant claims to have patented was substantially made and used long before his invention. All he did was by the use of well-known equivalents for some of the elements of former structures to make it somewhat better than it was ever made before. This is not patentable." Opinion by Mr. Chief Justice Waite, Crouch v. Roemer, 103 U. S. 797.]